IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 94-30735

_____


UNITED STATES OF AMERICA

Plaintiff-Appellee,

versus

LIONEL CUREAUX, SR
LIONEL CUREAUX, JR

Defendants-Appellants.


_____

Appeal from the United States District Court
For the Eastern District of Louisiana
(CR-93-409)

_____

May 12, 1997

Before HIGGINBOTHAM, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Lionel Cureaux, Jr. appeals his conviction under 18 U.S.C. §
924(c) for using and carrying a firearm during and in relation to
a drug trafficking offense on the grounds that the jury
instructions were erroneous in light of the Supreme Court's
decision in Bailey v. United States, 116 S. Ct. 501 (1995), and
because there was no evidence that the firearm was carried in

_____

[*] Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

relation to a drug trafficking crime. Lionel Cureaux, Sr., who was convicted under 18 U.S.C. § 924(c) as a coconspirator with his son, joins in Cureaux, Jr.'s arguments and also contends that he was denied a speedy trial and a competency hearing. Because we find no harmful error was committed by the trial court, we affirm the convictions.

## I.

On September 15, 1993, Lionel Cureaux, Jr. was arrested in a reverse sting operation after he arranged to meet a government agent to purchase cocaine. After paging the government agent and agreeing on a price of $22,000 a kilogram, Cureaux, Jr. drove to a shopping center to consummate the deal. His passenger during this trip, Bryant Strickland, testified at trial that before they left for the shopping center, he noticed that Cureaux, Jr. had a firearm with him, and he asked whether he should bring his gun. Cureaux, Jr. stated that it didn't matter, and Strickland brought his gun.

After the initial meeting at the shopping center, Cureaux, Jr. and Strickland followed the government agent's car to a nearby apartment to exchange the money and the cocaine. Outside the apartment, officers approached the vehicle carrying Cureaux, Jr. and Strickland and arrested them. The officers found a firearm leaning against the transmission hump between the driver's seat and console of the vehicle. Another firearm was found leaning against the passenger's side of the transmission hump. The driver's side

2

firearm was registered to Shirley Cureaux, Cureaux, Jr.'s mother. On top of the car's console were bags containing $74,256 in cash.

At trial, Strickland testified about the guns, stating that, "most every time [Cureaux, Jr. and I] would make the deal . . . he will have his and I will have mine in case anybody try [sic] to jack us." Cureaux, Jr.'s theory at trial was that the gun belonged to his mother and that she had mistakenly left it in the vehicle. His mother testified at trial that she had left the gun in the vehicle and her testimony was corroborated by two of her friends.

At the close of evidence, the jury was instructed on the 18 U.S.C. § 924(c)(1) count that:

> For you to find the defendant, Lionel Cureaux, Jr. guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:
>
> 1. That Lionel Cureaux, Jr. committed the crime alleged in Count II. I instruct you that attempting to possess cocaine hydrochloride with intent to distribute it is a drug trafficking crime.
>
> 2. That Lionel Cureaux, Jr. knowingly used or carried a firearm during and in relation to Lionel Cureaux, Jr.'s commission of the crime alleged in Count II.
>
> The government is not required to prove that Lionel Cureaux, Jr. actually fired the weapon or brandished it at someone in order to prove "use," as that term is used in this instruction. However, you must be convinced beyond a reasonable doubt that the firearm played a role in or facilitated the commission of a drug offense. In other words, you must find that the firearm was an integral part of the drug offense charged.

The jury was also instructed that it could attribute the gun to Cureaux, Sr. if it found that he had conspired with Cureaux, Jr.

3

and that Cureaux, Sr. could foresee the use of a gun by Cureaux, Jr. Neither defendant objected to these instructions. The jury convicted both Cureauxs of conspiracy to possess with intent to distribute cocaine between 1992 and 1993, attempt to possess with intent to distribute cocaine between September 14 and 15, 1993, and knowingly using and carrying a firearm during a drug trafficking offense on September 15, 1993. Cureaux, Sr. was also convicted of conspiracy to possess with intent to distribute cocaine in 1988-1991.

Both Cureauxs filed timely notices of appeal. After their convictions, the Supreme Court decided Bailey v. United States, 116 S. Ct. 501 (1995), which interpreted the definition of "use" under 924(c). The Cureauxs challenge the instructions given to the jury on the 924(c) count as being inconsistent with Bailey. Cureaux, Jr. also claims that the evidence was insufficient to find that his using or carrying the firearm was related to his drug trafficking crimes. Cureaux, Sr. filed a pro se brief arguing that his right to a speedy trial was violated and that the district court erred by failing to order a competency hearing for him. Cureaux, Sr. does not contest the jury instruction or finding regarding his foresight of the use a gun by Cureaux, Jr.

## II.

The government concedes that the instructions given to the jury were erroneous in light of Bailey v. United States, 116 S. Ct. 501 (1995). However, the government claims that the error was

4

harmless because the evidence and the incorrect "use" instruction clearly indicate that the jury found Cureaux, Jr. "carried" a firearm and could not have found that the jury found Cureaux, Jr. guilty of "use" of a firearm as interpreted by <u>Bailey</u>.

The Supreme Court has stated that instructional error can be harmless error if a jury has found the functional equivalent of an element. <u>Sutherland v. Louisiana</u>, 508 U.S. 275, 281 (1993); <u>see also</u> <u>United States v. Saks</u>, 964 F.2d 1514, 1521 (5th Cir. 1992)(finding harmless error "if, given the factual circumstance of the case, the jury could not have found the defendant guilty without making the proper factual finding as to that element"). To determine whether the jury must have found the functional equivalent of "carrying" a firearm within the meaning of the statute, we must determine whether the jury necessarily found facts that constitute "carrying" of a firearm.

The instructions allowed a finding of guilty if the jury was convinced that the firearm "played a role in or facilitated the commission of a drug offense," or that the firearm "was an integral part of the drug offense charged." The only evidence presented regarding firearms on September 15, 1993, was that guns were found beside the driver and passenger seats in the car carrying Cureaux, Jr. and Strickland and that the culprits had the weapons in their possession prior to the drug transaction and discussed whether to bring them in the vehicle. If the jury found that a firearm played a role in or facilitated the commission Cureaux, Jr.'s drug offense

5

or that the firearm was an integral part of that drug offense it necessarily concluded that Cureaux, Jr. possessed and transported the weapon in the car at the time in relation "to drug trafficking activity." Cureaux, Jr. did not dispute that the gun was transported and immediately available to him during the drug offense. He conceded that the gun was on the transmission hump, within his reach, but he claimed that he did not know the gun was there.

In United States v. Pineda-Ortuno, 952 F.2d 98, 104 (5th Cir.), cert. denied, 504 U.S. 928, 112 S.Ct. 1990, 118 L.Ed.2d 587 (1992), this court held that constructive possession will support a conviction under the "carrying" prong of § 924(c)(1) when a firearm is transported in a vehicle and the operator of the vehicle knowingly possesses the firearm in the vehicle during and in relation to a drug trafficking crime. See also United States v. Hall, 1997 WL 180388 (5th Cir.); United States v. Muscarello, 106 F.3d 636, 639 (5th Cir.1997); United States v. Rivas, 85 F.3d 193, 195 (5th Cir.1996).

Under these circumstances, there is no danger that the jury convicted Cureaux, Jr. of activity beyond the reach of 18 U.S.C. § 924(c). We also find no merit in Cureaux, Jr.'s claim that there was insufficient evidence for the jury to find that the firearm was carried "in relation to" a drug trafficking crime. The testimony of Bryant Strickland and the location of the gun beside Cureaux's position in the driver's seat of the vehicle adequately support a

rational beyond a reasonable doubt finding that Cureaux, Jr. possessed and transported the gun in the car during and in relation to his drug offense.  The Cureauxs' identical arguments based on the Bailey interpretation of § 924(c) are without merit.  Cureaux, Sr.'s contention that he was denied a speedy trial and that he should have had a competency hearing is also unmeritorious.

## III.

For the foregoing reasons, the convictions and sentences of Lionel Cureaux, Sr. and Lionel Cureaux, Jr. are AFFIRMED.

7